LE BLANC, Justice
(dissenting).
The question presented in this case, as I view it, is whether an insurance company, as subrogee of its insured can, by direct action proceed against the insurer of the owner of the motor vehicle involved in an accident with the subrogee’s automobile. In the absence of any law on the-subject it would seem clear to me that *555 such a direct action could not be maintained, under the general provisions of law that there exists no privity of contract between the parties. The only statute which relates to the subject is Act 55 of 1930, and the decision has to rest on the construction given to that Act.
Under Section 2 of that statute, it is provided that “ * * * the injured person or his or 'her heirs, at their option, shall have a right of direct action against the insurer company * * * ”.
It occurs to me that this portion of the Act purports to be procedural only. It creates no substantive right and, as said before, in the absence of the statute, even the injured party himself or his or her heirs would not have a direct action against the liability insurer of the wrong doer. It is the statute which gives to the injured party and his or her heirs this direct action and in this respect it would seem to be somewhat analogous to those provisions of a similar nature of the Workmen’s Compensation Statute or to the rights of the survival of actions under Article 2315 of the Civil Code. It is to be observed that even in granting a direct action to the injured party and his or her heirs, that right is restricted to them and the act is silent insofar as any of their assignees and transferees are concerned. Being silent in this respect it would seem to me that such an assignee’s or transferee’s procedural rights and remedies would be governed by our general law which does not provide for direct actions against those who are only secondarily liable.
For these reasons I respectfully dissent.